IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3157-FL

| | |
|---|---|
| ALFONZO MEEKS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| NORTH CAROLINA AND DEPARTMENT OF CORRECTION, DON EDDINS, | ) |
| Defendants. | ) |

This matter comes before the court on plaintiff's motion for reconsideration (DE # 14), which this court construes as a motion to amend or alter the court's December 29, 2011, judgment pursuant to Federal Rule of Civil Procedure 59(e). Also before the court are plaintiff's motion to amend (DE # 9), motion to vacate the filing fee (DE # 14), and motion for extension of time to file a notice of appeal (DE # 10). Defendants have not responded to plaintiff's motions. In this posture, these matters are ripe for adjudication. For the following reasons, the court denies plaintiff's motions.

A.  Rule 59(e) Motion

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to amend or alter a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new

evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to amend or alter its judgment, plaintiff must demonstrate that a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

Here, plaintiff's motion focuses on his assertion that he did not intend to file his action pursuant to 42 U.S.C. § 1983. Instead, petitioner asserts that he seeks review of the North Carolina Industrial Commission's ruling in his state tort action. The court in its December 29, 2011, order dismissing this action stated that it could not review the state action because North Carolina has vested exclusive jurisdiction for negligence claims in the North Carolina Industrial Commission. See Montehermoso v. N.C. Dept. of Corr, No. 3:08CV592,-MU, 2008 WL 5396670, *1 (W.D.N.C. Dec. 23, 2008). Because plaintiff's argument previously properly was rejected by this court, plaintiff fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59(e) motion. Accordingly, plaintiff's motion is DENIED.

B.  Motion to Amend

A district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Rule 59(e) or Rule 60(b). Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 470 (4th Cir. 2011) (citing Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006)).

2

Here, the court has denied plaintiff's Rule 59(e) motion. Thus, plaintiff's motion to amend also is DENIED.

C.   Motion for an Extension of Time to File an Appeal

On January 13, 2012, plaintiff filed a notice of appeal of this court's December 29, 2011, judgment as well as a motion for an extension of time to file a notice of appeal. Because plaintiff filed a timely notice of appeal, his request for an extension of time to file a notice of appeal is DENIED as moot.

D.   Motion to Vacate the Filing Fee

Plaintiff asks that the court vacate his filing fee. The Prisoner Litigation Reform Act ("PLRA") provides that "prisoner[s] shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b); see Torres v. O'Quinn, 612 F.3d 237, 241 (4th Cir. 2010) ("Congress [has] required that indigent prisoners filing lawsuits be held responsible for the full amount of filing fees."). Plaintiff has provided no grounds to support his motion. Thus, his motion to vacate the filing fee is DENIED.

In summary, plaintiff's motion to amend (DE # 9), motion to vacate the filing fee (DE # 14), and motion for reconsideration (DE # 14) are DENIED. Plaintiff's motion for an extension of time to file an appeal (DE # 10) is DENIED as moot.

SO ORDERED, this the 1st day of May, 2012.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge